IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAWRENCE R. BAYLESS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2432-JWL |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for approval of an attorney fee (Doc. 22) (hereinafter 406(b) Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b). The Acting Commissioner of Social Security (hereinafter Commissioner) has responded to Plaintiff's motion (Doc. 23) (hereinafter Comm'r Response), and the matter is ripe for decision. The court finds no reason to reduce the fee requested and the Commissioner suggests none. Therefore, Plaintiff's motion is GRANTED, approving a fee in the amount of $16,660.00 pursuant to the Social Security Act.

I.  Background

Plaintiff applied for disability insurance benefits, and in proceedings before the Commissioner was awarded benefits beginning on August 29, 2009, but not before that

date.  (R. 30-38).  Plaintiff disagreed, and sought judicial review of the decision denying benefits for the earlier period.  (Doc. 1).  The court found error in the ALJ's evaluation of the medical opinions and remanded for further proceedings.  (Doc. 17).  Attorney fees in the amount of $6,237.00 were granted pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  (Doc. 21).

On remand, the Commissioner found that Plaintiff was entitled to monthly disability benefits beginning December, 2005.  (406(b) Mot.) (Attach 1).  Plaintiff now seeks award of attorney fees in the amount of $16,660.00 pursuant to § 406(b) of the Social Security Act, and acknowledges that in accordance with the EAJA, the smaller of the EAJA fee or the 406(b) fee must be refunded to the Plaintiff.  Id. at 2.

## II.   Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary.  42 U.S.C. § 406(b).  The court has discretion to approve such a fee.  McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006).  However the court has an affirmative duty to allow only so much of the fee as is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may,  . . . certify the amount of such

      fee for payment to such attorney out of, and not in addition to, the amount
      of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

      The Supreme Court, in <u>Gisbrect</u> determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b), and that courts may not use the "lodestar" method to establish a reasonable fee. Where there is a contingency-fee agreement between plaintiff and her attorney, the court is to look first to the agreement and then test the agreement for reasonableness. <u>Gisbrecht</u>, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. <u>Id.</u> 535 U.S. at 808. The Court noted that the comparison of amount of benefits to time spent might be aided by submission of plaintiff's attorney's billing record and normal hourly billing rate. <u>Id.</u>

### III.   Discussion

      Here, Plaintiff's attorney asserts that her quoted hourly rate is $250.00 per hour. (406(b) Mot. 5). Counsel also provided a statement of the time expended on plaintiff's case, showing 33.90 hours of work representing Plaintiff before this court. (406(b) Mot.) (Attach. 3). The Commissioner responded to Plaintiff's motion and discussed the law applicable to considering a motion for attorney fees pursuant to 42 U.S.C. § 406(b). (Comm'r Response 1-2). She noted that without any adjustment the fee requested

represents an hourly rate of $491.44.  Id. at 1.  She asserts that "the proposed fee appears reasonable based on the work performed in this case as documented in counsel's filings, [but that] the Court [sic] must independently make this determination."  Id. at 1-2.

In considering the reasonableness of the requested attorney fee, the court notes that the character of representation has been good, by a practitioner experienced in Social Security disability representation, and the results achieved have been fully successful in securing the benefits for which Plaintiff originally applied.

The court notes that counsel requested three extensions of time to file Plaintiff's Social Security Brief and Reply Brief.  (Docs. 4, 6, 14).  In her first motion, counsel requested a 30-day extension of time and in her second motion counsel was granted[1] a 12-day extension of time of which she used only 9 days before filing Plaintiff's Brief.  (Doc. 4, p.1; Doc. 6, p.1).  Each request was justified "due to the demands of other legal business."  Id.  Counsel requested a 14-day extension of time to file Plaintiff's Reply Brief which was also "due to the demands of other legal business."  (Doc. 14, p.1).  Counsel's case load is a matter over which counsel has control, and the court acknowledges that attorneys specializing in Social Security cases will accept numerous clients to ensure that they are able to make a satisfactory living.  However, the successful Social Security claimant should not be made to subsidize the attorney's case load choices

---

[1]Counsel requested a 10-day extension, but because the extension requested by counsel ended on a Saturday, the court granted a 12-day extension.  Nonetheless, counsel filed the Brief on Friday, thereby utilizing only 9 of the 12 days granted.  Compare, (Doc. 7) with (Doc. 8).

that cause delay of the claimant's case for months at a time.  In a case with facts similar to this one, but where counsel requested a total of 127 days of extension of time, the court determined that the delay "warrants a small reduction in the fee" requested by counsel. Young v. Astrue, No. 09-CV-23-AC, 2011 WL 1625352, at *7-8 (D. Or. Jan. 4, 2011) report and recommendation adopted, CIV. No. 09-23-AC, 2011 WL 1625056 (D. Or. Apr. 26, 2011).  However, the court did not quantify the amount of reduction attributable to the requested extensions of time, and reduced the requested fee by about $6,000 due to this and two other factors including that the case did not present a significant risk to counsel, and that the past due benefits were large in comparison to time expended by counsel.

     The court finds that the 53 days of extension requested in this case is less than one-half of the 127 days requested in Young.  This case is much more similar to another case from the District of Oregon in which counsel requested a 56 day extension of time because of a heavy workload, conflicting deadlines, and back surgery.  Breedlove v. Commr. of Soc. Sec., No. 3:07-CV-1743-AC, 2011 WL 2531261, at *7 (D. Or. Mar. 16, 2011) report and recommendation adopted in part sub nom. Breedlove v. Astrue, No. 3:07-CV-1743-AC, 2011 WL 2531174 (D. Or. June 24, 2011).  The court concluded that "[n]o evidence in the record suggests that this request [for extension of time] was intended, even in part, to delay the proceedings in this case.  Accordingly, reduction" in fees because of delay by counsel was not warranted.  Id.  In this case, as in Breedlove,

there is no indication the extensions were for the purpose of delay, the requests are not excessive, and the court will not reduce the fee award on this basis.

The court finds that the fee requested is not inordinately large in comparison to the amount of time spent on this case. This is particularly true when one considers the nature of a contingency fee, and the fact that in those cases where counsel is unable to secure a successful result for her client, she expends comparable work but receives no fee. The court finds the fee requested to be reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for approval of fee (Doc. 22) is GRANTED.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 406(b)(1) the Commissioner shall pay plaintiff's counsel the sum of $16,660.00 from Plaintiff's past due benefits. Because the amount awarded as an attorney fee under the EAJA was less than the amount awarded under the Social Security Act, the EAJA attorney fee award totaling $6,237.00, currently held by plaintiff's counsel shall be refunded to Plaintiff.

Dated this 4th day of May 2015, at Kansas City, Kansas.

        **s:/ John W. Lungstrum**
        **John W. Lungstrum**
        **United States District Judge**